# JUAN BARROS

*v.*

# PORTO RICO MOTOR COMPANY.

### Liability for Automobile Accident.

### San Juan, Law, No. 961.

ON MOTION TO DISMISS AT THE CLOSE OF PLAINTIFF'S CASE.

---

Decision of Court—*Obiter Dictum.*
   1. The binding part of a decision of a court is that based upon

Note.—The cases as to making prima facie case of responsibility for negligence of driver of automobile, by proof of defendants' ownership of car or employment of driver, are discussed in note in 46 L.R.A.(N.S.) 1091.

Barros v. Porto Rico Motor Co.

the facts of the case before it. What is said beyond the facts of the case may be good law, but it is not binding upon other courts.

Evidence—Inference for the Jury.
    2. The inference to be drawn from facts in evidence is for the jury, and not for the court.

Corporation—Agents.
    3. A corporation can only act through its employees or agents. It is present where they are present. The liability of a corporation is not confined to the acts of officials.

Issues—Good Father of a Family.
    4. Where there is a bare question of liability under the Porto Rican Code as to negligence, the exception under Civil Code, § 1804, as to a good father of a family, will not be considered.

Motion to take Case from the Jury—Doubt.
    5. If the court is in doubt as to whether sufficient has been shown to take a case from the jury, it will not do so.

Opinion filed April 27, 1915.

———

*Messrs. Savage & Francis* for plaintiff.

*Mr. Francis Neagle* for defendant.

HAMILTON, Judge, delivered the following opinion:

The matter of liability of automobile owners comes up in a variety of cases. It seems that it is almost kaleidoscopic. Each case seems to present some little variation. The case of Vélez v. Llavina, 18 P. R. R. 634, which is relied upon all the time, was, as I recall it, that of a private individual owning an automobile which went out for some reason and on the public road injured a man. The owner was not shown to have been present with the automobile. It seems to be disputed as to whether, in point of

Barros v. Porto Rico Motor Co.

fact, he was there. The opinion does not state that he was there. That was an individual. The supreme court said that because it was not shown that it was a business, whether the word "impresa" was used or not,—he was not liable. This court has decided that even though it was not a business matter at all, where the defendant was present and fairly to be considered as directing the movements of the chauffeur and the automobile, the case did not come under § 1804, but under § 1803, and that it was not a question of liability of somebody else, but a question of liability from what he, the owner, could be held to have done himself.

1. The supreme court in the Llavina Case does seem to go to the extent of saying that not only on the facts presented to them was the owner not liable, but that in no case is an owner liable unless it is a common carrier. That seems to be the trend of the decision. And the question comes up in the first place, whether this court would be bound by a decision which goes so far beyond the facts immediately before the court. It may be perfectly good law. I would be the last to want to differ in any way with the supreme court, but it is not a question of preference at all. This court thinks, and thinks there can be no doubt that the decision of any court, this court or the Supreme Court of the United States or any court in the world, is limited to what comes before it, the facts before it, and the fair inferences from those facts. When a court goes beyond that it may be deliberating what is good law, but it is not deciding the case presented. And so this court has felt that the question was open, and that it would not be bound to apply the inference which seems to be drawn from that decision, that the liability is confined to common carriers alone.

2. Now that being so, the field being clear, what is the law as to the particular state of facts at bar? It would seem on this motion, as developed by the pleadings and the facts, that here is a company, a corporation, engaged in the business of transporting freight for the payment of money between places in Porto Rico. The complaint, I believe, alleges that it is a common carrier. The answer denies that it is a common carrier, and says that it does transport freight for the payment of money, and it is shown to have transported freight in this instance, and that the truck at the time of the accident was returning from such a trip. Even if it is not shown that the owner was paid for this particular trip, there is nothing to differentiate the facts of the case from the ordinary business which is admitted by the answer, and the court thinks there is enough in the case for that point, if that was all there was in it, to be submitted to the jury, as to whether this was an ordinary business trip or whether it was not.

3. Supposing that to be so, what is the law? This is a corporation which cannot be present, if it has any large business at all, by the president and secretary and board of directors. It can only act through its agents. If it carries freight by trucks, it would be very unusual and very improper for the president to be running that truck. In the ordinary course of business it would be some employee, and that seems to be the case here.

4. Now there is one other thing to be got out of the way. There is a provision at the end of § 1804 to the effect that where the defendant shows that he acted as the good father of a family in employing competent employees, then he is exempt. That does not enter into this motion at all. That may or may not be shown hereafter. The question is the bare legal proposition of

liability. I do not think the proposition in its present form has been before this court. There has always been enough to tend to show that defendant was a common carrier. In this case there is no evidence at all to go to the jury on that point. It is a bare proposition as to whether a person or a business concern is responsible for the chauffeur it sends out to carry on that business.

5. The court is in considerable doubt, but thinks it will be doing justice by letting the case go to the jury, and it may be further presented by one side or the other on a motion for a new trial, and finally it may be taken up to the court of appeals. But until the local supreme court holds in a case which presents on the facts before it, that a person engaged in business which is not that of a common carrier is not responsible for the employees which it sends out all over the Island, this court is not willing to make that decision. It would probably have to follow the local supreme court, if it so decided, but those facts, so far as it is advised, have not yet come before the supreme court, and this court is not willing to establish the precedent. The motion is refused.